UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

CHERYL PILGRIM-ARISTIL,

Plaintiff,

v.

NCL (BAHAMAS) LTD.,

Defendant.

_____/

**<u>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL</u>**

Plaintiff, CHERYL PILGRIM-ARISTIL, by and through her undersigned counsel, hereby sues the

Defendant, NCL (BAHAMAS) LTD. and files this Complaint for Damages and Demand for Jury

trial and says:

THE PARTIES AND JURISDICTION

1. This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. THE PLAINTIFF. The Plaintiff, CHERYL PILGRIM-ARISTIL (hereinafter referred to as "Plaintiff"), is sui juris, sixty (60) years old, and is a citizen and resident of Harker Heights, Texas. At all times material hereto, the Plaintiff was a passenger onboard the cruise ship operated by the Defendant, NCL (Bahamas) Ltd.

3. THE DEFENDANT. The Defendant, NCL (Bahamas) Ltd., d/b/a Norwegian Cruise Line (hereinafter referred to as "NCL"), does business in the State of Florida, and at all times material hereto was and is doing business in Miami-Dade County, Florida. At all times

material hereto NCL owned and/or operated the cruise ship on which the subject negligence occurred.

4. FEDERAL SUBJECT MATTER JURISDICTION. Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state. This Court has diversity jurisdiction under 28 U.S.C. § 1332. Although the substantive law governing Plaintiff's claims is federal maritime law, Plaintiff demands a jury trial on all issues so triable. Further, this action is being filed in Federal Court in Miami-Dade County, Florida, as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

5. VENUE AND PERSONAL JURISDICTION. NCL, at all times material hereto, itself or through an agent or representative, in the County and in the District in which this Complaint is filed:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b. Had an office or agency in this state and/or county; and/or

   c. Engaged in substantial activity within this state; and/or

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

6. The Defendant's ships, which includes the M/S Norwegian Escape, regularly and continuously enter United States waters including in Florida. The Defendant's negligence in this case occurred on a cruise with the port of embarkation in Galveston, Texas and the

port of disembarkation in Galveston, Texas, with ports of call including Mexico, Belize, and Honduras.

7. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

OTHER ALLEGATIONS COMMON TO ALL COUNTS

8. DATE OF INCIDENT. This incident occurred on or about December 29, 2024.

9. LOCATION OF INCIDENT. This incident occurred on the M/S Norwegian Escape ("Subject Vessel"), Voyage No. ESC241227, a ship in navigable waters, while the Plaintiff was a passenger aboard.  Accordingly, the Plaintiff's claims are governed by general maritime law. Specifically, the Plaintiff was in the Deck 16 Aft Hot Tub Area, walking from the hot tub toward a bar area, when she slipped in a pool of water on the deck and was injured.

10. STATUS OF PLAINTIFF AS OF DATE AND TIME OF INCIDENT. At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on the vessel.

11. THE DANGEROUS CONDITION. NCL is in the business of operating cruise ships and related passenger amenities, including pool deck and hot tub areas intended to be used by large numbers of passengers and crew members. In doing so, NCL is responsible for controlling, inspecting, maintaining, and ensuring the safety of those areas for its passengers. One such area is the Deck 16 Aft Hot Tub Area aboard the M/S Norwegian Escape. Upon information and belief, on the date of the subject incident, the deck surface in the area between the hot tub and the bar was covered with pooled water that rendered the walking surface dangerously slippery.  The condition was not open and obvious to

Plaintiff as she was walking from the hot tub toward the bar, and the degree of slipperiness of the wet deck surface was not readily appreciable to Plaintiff prior to her fall.

12. DESCRIPTION OF THE INCIDENT. On or about the date of the subject incident, December 29, 2024, Plaintiff was enjoying the amenities aboard the Norwegian Escape during Voyage ESC241227 (December 27, 2024 – January 3, 2025). After exiting the hot tub on Deck 16 and proceeding toward a bar area, Plaintiff slipped in a pool of water on the deck and fell into a split position. A man, who upon information and belief was a crewmember, attempted to assist by grabbing her hand as she tried to break her fall. Following her split, she presented to the ship's medical center, reported the incident, and security asked her to identify the fall location; she was told the video would be reviewed to confirm the incident. An x-ray of the left hip was performed, pain medication was administered, and she was discharged. Due to continued severe pain, she returned and received an injection to the hip. Plaintiff continued the duration of her cruise in severe pain.

13. DAMAGES. As a direct and proximate result of NCL's negligence, PILGRIM-ARISTIL has suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of any previously existing conditions. These injuries include, but are not limited to, injuries to Plaintiff's left hip, left lower extremity, lumbar spine, and associated musculoskeletal, neurological, and soft-tissue structures, together with any related sequelae. The losses are either permanent or continuing in nature, and Plaintiff will suffer the losses in the future. Plaintiff has also incurred, and will continue to incur, expenses for medical care, diagnostic studies, therapy, medications, and other

related treatment, past and future, and has sustained, and will continue to sustain, lost income, lost earning capacity, and other economic and non-economic damages allowable under the general maritime law and applicable law.

14. At all material times, Defendant had the non-delegable duty to provide Plaintiff with reasonable care under the circumstances. This non-delegable duty includes a duty to provide safe premises aboard the subject vessel.

NOTICE ALLEGATIONS APPLICABLE TO DIRECT NEGLIGENCE COUNTS

15. NCL'S DOCUMENTATION. NCL's notice of the dangerousness of its pool deck and hot tub areas is documented in many ways. NCL logs prior complaints regarding its pool deck and hot tub facilities in its guest services databases. NCL documents prior incidents of slips, trips and falls in a database. NCL discusses and documents hazards on its ships during shipboard meetings which are memorialized in meeting minutes. NCL also inspects its pool deck and hot tub facilities through its crew members as well as retained experts and/or contractors who write reports and/or emails to NCL.

16. PRIOR SIMILAR INCIDENTS. Upon information and belief, prior to Plaintiff's incident, other passengers aboard NCL's vessels were similarly injured slipping and falling on unreasonably wet and/or slippery pool-deck surfaces adjacent to hot tubs, pools, and bars, including aboard the Norwegian Escape itself and its sister-class vessels. These prior incidents are evidenced by public court filings and, upon information and belief, by NCL's internal records, including incident reports, passenger injury reports, safety audits, and crew reports:

a. Burke v. NCL (Bahamas) Ltd., No. 23-cv-24631 (S.D. Fla.). The plaintiff, a fare-paying passenger aboard the Norwegian Gem, slipped and fell while entering the spa onboard the vessel.

b. Hester v. NCL (Bahamas) Ltd., No. 20-cv-23208 (S.D. Fla.). The plaintiff, a fare-paying passenger aboard the Norwegian Escape (the same vessel involved in the instant action), slipped and fell while at the spa on Deck 16 of the vessel, which is the same deck on which Plaintiff PILGRIM-ARISTIL's incident occurred.

c. Kessler v. NCL (Bahamas) Ltd., No. 19-cv-20583 (S.D. Fla.). The plaintiff, a fare-paying passenger aboard the Norwegian Breakaway (a sister-class vessel to the Norwegian Escape), slipped and fell while at the spa on Deck 15 of the vessel.

d. Tremblay v. NCL (Bahamas) Ltd., No. 1:24-cv-24722 (S.D. Fla.). On or about May 27, 2023, the plaintiff, a fare-paying passenger aboard the Norwegian Pearl operating in navigable waters, was seriously injured when she slipped and fell on the steps of the hot tub/jacuzzi located at the vessel's spa facility due to an excessive amount of water that had accumulated on the steps.

These factual contentions will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Substantially similar prior incidents placed NCL on actual and/or constructive notice of the dangerous condition that caused Plaintiff's injuries.

17. NOTICE: LENGTH OF TIME DANGEROUS CONDITION EXISTED. Additional evidence that NCL had notice of the dangerous condition here is shown by the length of time that the condition existed. Upon information and belief, the deck surface in the Deck 16 Aft Hot Tub Area had been installed and in use for a substantial period of time prior to

the incident. The accumulation of pooled water on deck surfaces surrounding hot tubs is a well-known and foreseeable hazard, particularly in an area where passengers regularly exit the hot tub and traverse the wet deck surface.

18. NOTICE: ON-GOING, REPETITIVE PROBLEM. Additional evidence that NCL had notice of the dangerous condition here is shown by the fact that this is an on-going repetitive problem. NCL knew or should have known that passengers would traverse the subject deck surface adjacent to the hot tub, and that the deck would become wet and dangerously slippery from water displaced by passengers entering and exiting the hot tub. NCL further knew or should have known that the Deck 16 Aft Hot Tub Area was a busy, highly trafficked area, particularly given its proximity to a bar where passengers would walk between the hot tub and bar facilities.

19. NCL knew or should have known that the deck surface in the subject hot tub area became unreasonably slippery when wet. NCL further knew or should have known that the presence of pooled water on the deck surface made the dangerous condition difficult for passengers to perceive and avoid.

20. NOTICE: CREWMEMBERS IN THE VICINITY WITH ACTUAL KNOWLEDGE. At all relevant times, crew members were stationed aboard the vessel and were responsible for maintaining the pool deck and hot tub areas. Upon information and belief, a crew member was in the immediate vicinity at the time of the incident and attempted to assist Plaintiff after her fall. The ship's medical staff and security personnel responded to the incident, with security being informed for an accident investigation.

21. NOTICE: VIOLATION OF INDUSTRY STANDARDS. NCL, at all relevant times, was also under a legal duty to comply with mandatory international vessel safety regulations

that are promulgated by the International Maritime Organization (IMO) under authority expressly conferred by the U.S. Senate-ratified International Safety of Life at Sea (SOLAS) treaty, including Part C, Regulation 13, subpart 1.1 ("safe escape routes shall be provided"); subpart 1.2 ("escape routes shall be maintained in a safe condition clear of obstacles.") NCL's walkways and pool deck surfaces are areas that NCL must maintain in a safe, clear, clean and dry condition. Upon information and belief, NCL, at all relevant times, was aware of industry safety standards of ASTM International, ANSI, ISM Code and Regulations and other industry standards applicable to providing and maintaining safe walkways and deck surface materials. See, e.g., IMO, MSC Circular 735 (24 June 1996); U.S. Access Board, Draft Passenger Vessel Accessibility Guidelines (2000-present) and ADA Accessibility Guidelines; 46 CFR §§72.05-20(n), 116.438(h); ASTM F-1166-07; Life Safety Code; and Safety of Life at Sea (SOLAS) Treaty.

## COUNT I – NEGLIGENT MAINTENANCE OF POOL DECK AND HOT TUB AREA

Plaintiff re-alleges all allegations pled in paragraphs one (1) through twenty-one (21) above as if alleged fully herein.

22. At all material times, including the injury date on or about December 29, 2024, the subject vessel M/S Norwegian Escape and the Deck 16 Aft Hot Tub Area referenced above were either owned, operated, and/or controlled by NCL.

23. At all material times, NCL owed the Plaintiff, as a fare-paying passenger lawfully aboard a passenger vessel it operated, a duty of reasonable care under the circumstances, including the duty to take reasonable steps to maintain the pool deck and hot tub area where Plaintiff fell in a reasonably safe condition.

24. Defendant breached its duty through the following acts and/or omissions:

a. Failure to maintain the Deck 16 Aft Hot Tub Area deck surface in a safe condition, including failure to ensure the walking surface was free of accumulated water, in order to ensure passengers, including the Plaintiff, were able to safely traverse the area;

b. Failure to perform deck maintenance including the responsibility to inspect the deck surface for wet, slippery, or otherwise hazardous walking surfaces;

c. Failure to timely correct those conditions when they were or should have been detected, including failure to dry the deck surface, place absorbent materials or protective coverings, or apply adequate slip-resistant protection such as grip tape, matting, or non-skid surfacing;

d. Failure to adequately and regularly inspect the hot tub area to determine whether it was unreasonably dangerous due to the accumulation of water on its deck surface;

e. Failure to maintain the surface of the deck in a reasonably safe condition in light of the anticipated use for passenger traffic, including ensuring that the deck surface had adequate slip-resistant properties or was supplemented with non-slip materials;

f. Failure to install or maintain adequate non-slip deck surface materials in a hot tub area where water is regularly and foreseeably present on the deck;

g. Failure to adequately and regularly monitor the subject area to maintain it free of known, foreseeable dangerous conditions, including the accumulation of water on the deck surface.

25. At all material times, the Deck 16 Aft Hot Tub Area where the Plaintiff fell was being used as a high-traffic area specifically designated by NCL for passenger use.

26. At all material times, NCL knew or should in the exercise of reasonable care have known of the dangerous condition of the deck surface as referenced above.

27. Plaintiff alleges and reincorporates the notice allegations here. NCL's actual or constructive knowledge was derived from prior use of the same or substantially similar pool deck and

hot tub area surfaces, prior slip-and-fall incidents on substantially similar surfaces; industry standards regarding deck surface safety, the recurring nature of wet and slippery conditions on pool deck and hot tub area surfaces, and the length of time the deck surface had been in an unsafe condition before the Plaintiff was injured, a length of time sufficient to invite corrective measures.

28. At all material times, the dangerous condition of the deck surface referenced above was neither known, open, nor obvious to the Plaintiff, due to the difficulty of perceiving the accumulation of pooled water on the deck surface.

29. Notwithstanding NCL's actual or constructive knowledge of the dangerous condition of the deck surface where Plaintiff fell, NCL failed before the time of the Plaintiff's injury to take reasonable measures to maintain the deck surface in a reasonably safe condition by correcting its dangerous condition, by drying or covering the walking surface, by providing adequate slip-resistant materials, or by installing non-slip surfacing appropriate for a hot tub area. NCL thereby failed to exercise reasonable care for the safety of its passengers, including the Plaintiff, and was thereby negligent.

30. As a direct and proximate result of NCL's negligence as described above, the Plaintiff slipped and fell on the wet deck surface, and has thereby sustained and will continue in the future to sustain the damages alleged above.

31. As a direct and proximate result of the fall described above, the Plaintiff was injured in and about her body and extremities, sustaining severe and permanent injuries. Plaintiff suffered and continues to suffer pain therefrom, mental anguish, disability, physical impairment, scarring, disfigurement, and the inability to lead a normal life. Furthermore, Plaintiff has incurred and will continue to incur medical, surgical, hospital, physical therapy, and other

out-of-pocket and health care expenses as a result of her injuries. Plaintiff also sustained aggravation or acceleration of preexisting conditions, including minimal osteoarthritis of the left hip and previous neck surgeries. These damages are permanent or continuing in their nature, and the Plaintiff will continue to sustain and incur these damages in the future.

WHEREFORE, the Plaintiff demands judgment against NCL for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation or acceleration of preexisting conditions, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

COUNT II – NEGLIGENT FAILURE TO WARN

Plaintiff re-alleges all allegations pled in paragraphs one (1) through twenty-one (21) above as if alleged fully herein.

32. At all material times, including the injury date on or about December 29, 2024, the subject vessel M/S Norwegian Escape, including the Deck 16 Aft Hot Tub Area referenced above, was owned, operated, and controlled by NCL.

33. At all material times, NCL owed the Plaintiff, as a fare-paying passenger lawfully aboard the subject vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to warn passengers, such as the Plaintiff.

34. Defendant and/or its agents, servants, and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

a. Failing to adequately warn of the slippery and hazardous condition of the Deck 16 Aft Hot Tub Area deck surface caused by the accumulation of pooled water thereon, in order to ensure the safety of passengers, including the Plaintiff;

b. Failure to adequately warn the Plaintiff of the unreasonably dangerous condition of the subject deck surface, including the wet, slippery walking surface;

c. Failure to adequately warn the Plaintiff of the dangers presented by the deck surface, including that the surface lacked adequate slip-resistant properties for a hot tub area where water is regularly present;

d. Failure to adequately warn the Plaintiff of the risks and/or dangers associated with the unreasonably dangerous surface of the subject area, including but not limited to the hazardous coefficient of friction created by the accumulation of water on the deck surface and the absence of adequate slip-resistant protection such as grip tape, matting, or non-skid surfacing;

e. Failure to warn the Plaintiff of the risks and/or dangers of traversing the wet deck surface in the hot tub area; and/or

f. Failure to warn passengers and the Plaintiff of other accidents previously occurring on the same or substantially similar pool deck and hot tub area surfaces.

35. At all material times, the Deck 16 Aft Hot Tub Area where the Plaintiff slipped and fell was being used as a high-traffic area specifically designated by NCL for passenger use.

36. At all material times, NCL knew or should in the exercise of reasonable care have known of the dangerous condition of the deck surface as referenced above.

37. Plaintiff realleges the notice allegations here. NCL's actual or constructive knowledge was derived from prior use of the same or substantially similar pool deck and hot tub area

surfaces, prior slip-and-fall incidents on substantially similar surfaces; industry standards regarding deck surface safety, the recurring nature of wet and slippery conditions on pool deck and hot tub area surfaces, and the length of time the deck surface had been in an unsafe condition before the Plaintiff was injured, a length of time sufficient to invite corrective measures.

38. At all material times, the dangerous condition of the deck surface referenced above was neither known, open, nor obvious to the Plaintiff, due to the difficulty of perceiving the accumulation of pooled water on the deck surface.

39. Notwithstanding NCL's actual or constructive knowledge of the dangerous condition of the deck surface where Plaintiff fell, NCL failed before the time of the Plaintiff's injury to take reasonable measures to adequately warn the Plaintiff and other passengers of the hazardous condition, to adequately post signage or other warnings regarding the wet and dangerous conditions, or to take other reasonable steps to alert passengers of the slippery surface. NCL thereby failed to exercise reasonable care for the safety of its passengers, including the Plaintiff, and was thereby negligent.

40. As a direct and proximate result of NCL's negligence as described above, the Plaintiff slipped and fell on the wet deck surface, and has thereby sustained and will continue in the future to sustain the damages alleged above.

41. As a direct and proximate result of the fall described above, the Plaintiff was injured in and about her body and extremities, sustaining severe and permanent injuries. Plaintiff suffered and continues to suffer pain therefrom, mental anguish, disability, physical impairment, scarring, disfigurement, and the inability to lead a normal life. Furthermore, Plaintiff has incurred and will continue to incur medical, surgical, hospital, physical therapy, and other

out-of-pocket and health care expenses as a result of her injuries. Plaintiff also sustained aggravation or acceleration of preexisting conditions. These damages are permanent or continuing in their nature, and the Plaintiff will continue to sustain and incur these damages in the future.

WHEREFORE, the Plaintiff demands judgment against NCL for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation or acceleration of preexisting conditions, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

### COUNT III — NEGLIGENT DESIGN, CONSTRUCTION, AND SELECTION OF MATERIALS

Plaintiff adopts and re-alleges paragraphs 1 through 21 above.

42. This is an action against NCL for its negligent design, construction, and selection of materials for the Subject Pool Deck Area, including the selection of the deck surface material, the slip-resistance properties of the surface, and the finishes and treatments applied to the surface.

43. DUTY. NCL owes a duty to exercise reasonable care for the safety of its passengers, which includes designing, constructing, and selecting materials for all areas of its vessels, including the Subject Pool Deck Area, in a reasonably safe manner and in accordance with industry standards.

44. CONTROL OVER DESIGN. Upon information and belief, NCL has its ships, including the Norwegian Escape, custom built to its own design and specifications. NCL participated

in and/or approved the design of the Subject Pool Deck Area and the selection of materials and finishes. At all times, NCL had ultimate control over the design and construction of the Norwegian Escape, the right to inspect both the design and the construction at the yard, and the right to approve or reject all materials. NCL approved the design, construction, materials, and finish of the Subject Pool Deck Area and has continuously operated and maintained the Subject Vessel since its delivery

45. NOTICE. NCL had actual and/or constructive notice of the dangerous condition, as alleged in paragraphs 22 through 27 and incorporated herein. NCL knew or should have known that the deck surface used in a wet pool-deck area adjacent to a hot tub, pool, and bar was unreasonably slippery when wet and/or when contaminated with transitory substances foreseeable in such an environment.

46. BREACH. NCL breached its duty by approving, designing, constructing, and/or selecting:

a. a deck surface material for a wet pool-deck walking area immediately adjacent to a hot tub, pool, and bar venue, where NCL knew or should have known that the surface would become unreasonably slippery when exposed to moisture and transitory substances;

b. deck surface materials without adequate slip-resistant texture, coatings, abrasive strips, mats, inlays, or similar safeguards in the path passengers were expected to take between the hot tub, pool, and bar;

c. finishes that, when applied to the deck surface, exacerbated its slipperiness; and/or

d. a layout, finish specification, and material selection that prioritized aesthetic a ppearance over passenger slip resistance.

NCL could have selected different deck surface materials, applied or specified slip-resistant treatments, and adopted finish specifications less prone to creating a dangerously slick surface, but chose not to.

47. PROXIMATE CAUSE. NCL's negligent design, construction, and selection of materials proximately caused Plaintiff's injuries. Had NCL properly designed and constructed the Subject Pool Deck Area with adequate slip-resistance, Plaintiff would have been able to traverse the area safely and would not have fallen and been injured on or about December 29, 2024.

48. DAMAGES. As a result of NCL's negligent design, construction, and selection of materials, Plaintiff has suffered and will suffer the damages described in paragraph 13.

WHEREFORE, Plaintiff demands judgment against NCL for damages recoverable under the general maritime law and applicable law, including economic damages (medical, psychological, and other related expenses, past and future; lost income and earning capacity, past and future); non-economic damages (pain, suffering, disability, physical impairment, mental anguish, inconvenience, and loss of capacity for the enjoyment of life, past and future); court costs; interest under applicable law, including interest from the date of the subject incident under General Maritime Law; trial by jury on all issues so triable; and such other relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable of right.

Submitted this 2nd of June, 2026.

By: /s/ *Joshua Lopez*
JOSHUA LOPEZ, ESQ.

FBN: 1020513
Primary email: Joshua.lopez@forthepeople.com
Secondary email: Stephanie.Garcia@forthepeople.com
Tertiary email: leeha.vargasfranco@forthepeople.com
Morgan & Morgan, P.A.
703 Waterford Way #1000,
Miami, FL 33126
Phone: (786)450-5829